UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FORRIS,

        Petitioner,

                                  CASE NO. 2:06-CV-14774
v.                                      HONORABLE GEORGE CARAM STEEH

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.     Introduction

This is a habeas case under 28 U.S.C. § 2254. Curtis Forris ("Petitioner"), a Michigan prisoner, pleaded guilty to second-degree murder and assault with intent to commit murder in the Wayne County Circuit Court in 2004. He was sentenced to concurrent terms of 30 to 45 years imprisonment. In his *pro se* petition for writ of habeas corpus, Petitioner asserts that his plea was the product of attorney coercion, that there was no factual basis for his plea, and that his plea was illusory. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth, the Court denies the petition. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.    Facts and Procedural History

Petitioner's convictions arise from the shooting and stabbing death of Hugh Wade and the stabbing of Claudine Riley at Wade's home in Detroit, Michigan during an attempted robbery by Petitioner and Quento Jackson on October 17, 2003. Petitioner was charged with

first-degree felony murder and assault with intent to commit murder. Shortly before trial, Petitioner was offered a plea bargain in which he would plead guilty to second-degree murder and assault with intent to commit murder and agree to testify against Quento Jackson in exchange for dismissal of the felony murder charge and a recommendation for a 30-year minimum sentence. Petitioner initially rejected the offer, but upon further consideration and consultation with counsel, accepted the offer and entered his plea.

During the plea colloquy, Petitioner acknowledged his understanding of the charges and possible sentences, the plea agreement, and the rights that he was foregoing by pleading guilty. He denied that any threats or that any promises, other than those contained in the plea agreement, had been made to induce him to enter his plea. He stated that he was pleading guilty of his own free will. *See* 8/31/04 Plea Tr., pp. 3-7. The factual basis for the plea was set forth in the record before the trial court as follows:

> DEFENDANT FORRIS: Went over to Hugh Wade's house to rob him. We went in there, we was in the process of robbing him, but it didn't go as we planned. Hugh Wade rushed me, we was wrestling. I fell into like a closet of some sort and Quento cam in, fired a shot, and then I ran out the closet. As I was going up the basement stairs, Quento was in front of me, he fired another shot at Hugh Wade. And then that's when he grabbed the knife and cut his throat.
>
> MR. PATTERSON: Then there's another complainant –
>
> THE COURT: You have the assault on Claudine Riley.
>
> DEFENDANT FORRIS: Yes. Quento told me she was going to tell on us and that I needed to kill her. So he have me a knife, and that's when I stabbed her.
>
> THE COURT: Following Quento's instructions?
>
> DEFENDANT FORRIS: Yes.
>
> THE COURT: You wanted to do what he said.

DEFENDANT FORRIS: Yes.

*Id*. at p. 8. The parties agreed that a proper factual basis for the plea had been made. The trial court found Petitioner's guilty plea to be knowing and voluntary and accepted his plea.

Petitioner moved to withdraw his plea prior to sentencing, claiming that his attorney pressured him into pleading guilty. The trial court denied the motion finding that the plea was knowing, intelligent, and voluntary. *See* 10/20/04 Mot. & Sent. Tr., pp. 3-6. The court then sentenced Petitioner to concurrent terms of 30 to 45 years imprisonment in accordance with the plea agreement. *Id.* at p. 9.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting the same claims presented in his habeas petition, which was denied "for lack of merit in the grounds presented." *People v. Forris*, No. 261608 (Mich. Ct. App. May 5, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Forris*, 474 Mich. 907, 705 N.W.2d 120 (2005).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

> I. The trial judge erred in denying defendant's motion to withdraw his guilty plea without holding a hearing on the allegations of coercion by his attorney, and a remand is necessary to allow defendant to fully and fairly present his motion to withdraw his guilty plea and to make an evidentiary record for appellate review.
>
> II. It was clearly erroneous for the circuit court to deny defendant's motion to withdraw his plea where the factual basis was insufficient to establish guilt of the offense to which the plea was offered.
>
> III. Defendant must be allowed to withdraw his plea where the bargain was illusory.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

III. <u>Analysis</u>

    A.     <u>Standard of Review</u>

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

    B.     <u>Voluntary, Intelligent, and Knowing Nature of the Plea</u>

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was not knowing, intelligent, and voluntary. Specifically, Petitioner alleges that his attorney pressured him into pleading guilty and the trial court failed to conduct an evidentiary hearing into the

matter. When a petitioner is convicted pursuant to a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 19 years old and had a 10th grade education. There is no evidence that any mental problems impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea agreement and the consequences of the plea. Petitioner indicated that he was pleading guilty of his own free will and stated that he had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea.

Petitioner's assertion that his plea was not knowing and voluntary is belied by the record of his sworn testimony at the plea hearing. The fact that Petitioner was subsequently dissatisfied

with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *Brady*, 397 U.S. at 757. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner claims that defense counsel mishandled his case and pressured him to accept a plea. Petitioner has alleged no facts to establish that counsel misadvised him about his case or his plea. Moreover, even if Petitioner was somehow misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy.

Petitioner's assertion that defense counsel pressured him into pleading guilty conflicts with his sworn testimony at the plea hearing in which he denied being coerced into pleading guilty and stated that he was pleading guilty of his own free will. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to plead guilty. Petitioner's assertion that he was coerced is belied by the record. Conclusory allegations,

6

without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Petitioner has not established that his plea was involuntary, nor has he shown that the trial court erred in failing to conduct an evidentiary hearing. Furthermore, given the seriousness of the felony murder charge and the significant evidence of guilt, including Petitioner's own police statements, presented at the preliminary examination, Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to accept the plea agreement. Habeas relief is not warranted on this claim.

    C.    <u>Factual Basis Claim</u>

Petitioner also asserts that he is entitled to habeas relief because there was an insufficient factual basis for his plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D.

Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. Having reviewed the record, the Court is satisfied that Petitioner's plea meets that requirement. Habeas relief is not warranted on this claim.

> D. Illusory Plea Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because his plea bargain was illusory. This claim lacks merit. Petitioner faced charges of felony murder and assault with intent to commit murder for his role in the crime. The record reflects that the murder and assault occurred during the course of a robbery or attempted robbery committed by Petitioner and Quento Jackson. By entering a plea to second-degree murder and assault with intent to commit murder, Petitioner eliminated his exposure to a first-degree felony murder charge and mandatory sentence of life imprisonment without the possibility of parole and guaranteed that his minimum sentence would be 30 years imprisonment. Petitioner received a benefit from his bargain and has not shown that his plea was illusory. Habeas relief is not warranted on this claim.

IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. The petition for writ of habeas corpus shall therefore be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.

*See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

Dated: May 12, 2008

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 12, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk